## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| **ESTATE OF ALEX JOHNSON, THROUGH ADMINISTRATOR SHERI JOHNSON, AND SHERI JOHNSON, INDIVIDUALLY** | |
| **Plaintiff,** | **Case No. 4:19-cv-00264** |
| **vs.** | |
| **NICHOLAS BROOKS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A CORRECTIONAL OFFICER FOR THE POLK COUNTY SHERIFF'S DEPARTMENT, KADY RAGAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A CORRECTIONAL OFFICER FOR THE POLK COUNTY SHERIFF'S DEPARTMENT, WILLIAM MCCARTHY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS POLK COUNTY SHERIFF, AND POLK COUNTY, IOWA,** | **FIRST AMENDED COMPLAINT** |
| **Defendant.** | |

**COMES NOW**, the Plaintiffs, by and through their undersigned counsel, and for their causes of action, respectfully states to the Court the following:

## PARTIES

1.     Plaintiff Estate of Alex Johnson is the estate established and administered according to, and functioning under, the probate laws of the State of Iowa, with Sheri Johnson serving as the court-appointed Administrator, at all times material hereto.

2.      Plaintiff, Sheri Johnson, is the mother of Alex Johnson, and an individual residing in Johnston, Iowa, at all times material hereto.

3.      Nicholas Brooks, is believed to be a citizen and resident of the State of Iowa and at all times relevant to the events complained of herein, was a correctional officer with the Polk County Sheriff's Department.

4.      Kady Ragan, is believed to be a citizen and resident of the State of Iowa and at all times relevant to the events complained of herein, was a correctional officer or nurse with the Polk County Sheriff's Department.

5.      Defendant William McCarthy is believed to be a citizen and resident of the State of Iowa and at all times relevant to the events complained of herein, was the Sheriff of Polk County, Iowa.

6.      Defendant Polk County, Iowa is situated in the State of Iowa, and is a municipal corporation organized under the laws of the State of Iowa and acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action for damages.

7.      Defendant Polk County is responsible for employing and regulating the work of Defendants Brooks, Ragan, and Sheriff McCarthy. Defendant Polk County also operates the Polk County Sheriff's Department.

## JURISDICTION AND VENUE

8.      Venue is proper in the District Court for Polk County pursuant to Iowa Code §669.4(1) as the district in which Plaintiff resided and/or in which the acts and omissions complained of occurred.

9.     Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code §602.6101.

10.     The amount in controversy exceeds the jurisdictional amount.

## FACTUAL BACKGROUND

11.     All events complained of herein occurred in Polk County, Iowa.

12.     On March 8, 2016, Mr. Johnson was arrested in Polk County Case No. FECR293462 for attempting to break into a pharmacy. He was booked into the Polk County Jail that same night day and was ordered to be administratively segregated from the general population for prevention of self-harm. He was also ordered to remain in medical segregation until released by medical personnel. Polk County Jail was therefore on notice that Mr. Johnson posed a threat to himself.

13.     Mr. Johnson was convicted in Polk County Case No. FECR293462 of criminal mischief 2nd and attempted burglary 3rd. He was ordered to serve a 2-year suspended sentence with 2-year probation on each count. He was also ordered to complete the Bridges of Iowa Program due to his issues with substance abuse.

14.     On January 1, 2017, while in the Bridges of Iowa Program, Mr. Johnson tested positive for Norbuprenorphine, which is the metabolite of Buprenorphine. He completed the Program on May 4, 2017.

15.     On or about June 30, 2017, Mr. Johnson was involved in a motor vehicle accident.  Police officers arrived at the scene and performed field sobriety tests, which Mr. Johnson failed. A drug recognition expert was also called to the scene and concluded that

Mr. Johnson was under the influence of a drug. A urine sample was collected from Mr. Johnson.

16.     On July 26, 2017, Mr. Johnson's probation officer was contacted by the drug recognition expert and was told that Mr. Johnson's urine from the date of the accident had come back with benzodiazepines and tricyclic's over the threshold set to legally operate a motor vehicle and opiates right at the threshold.

17.     On August 2, 2017, Mr. Johnson's probation officer recommended that his probation from Polk County case No. FECR293462 be revoked and that he be ordered to serve a term of incarceration. A warrant was issued the next day on August 3, 2017.

18.     On August 9, Mr. Johnson turned himself in to the Polk County Jail. Defendant Nicholas Brooks served as the intake officer when the Polk County Jail processed Mr. Johnson into the jail.

19.     On August 10, Mr. Johnson was found to be in possession of kratom while inside the Polk County Jail. Kratom is believed by some to be a treatment for overcoming withdrawals from opioid medications.

20.     Mr. Johnson admitted that he brought the kratom into the jail, but that the substance was legal, and that he used it to help him relax. He was charged with an additional criminal charge of Possession of Contraband in a Correctional Institution, a felony, in Polk County Case No. PC17-5467.

21.     It should have been a red flag to correctional officers that Mr. Johnson was suffering from substance abuse and possible withdrawals from his substance dependency after Mr. Johnson was discovered to be in possession of this kratom. Mr. Johnson's drug

dependency, coupled with his history of anxiety, depression, and past terms of incarceration at the Polk County jail where he was required to be administratively segregated for prevention of self-harm were sufficient to put the Polk County Jail and its employees on notice of Mr. Johnson's need for supervision and immediate suicide watch.

22.     At some point after Mr. Johnson turned himself in to the Polk County Jail, he was separated from the general population section of the jail and was housed in the medical unit of the jail. He slept in the medical unit of the Polk County Jail on August 10, 2017. The reason for his separation from general population is unknown at this time.

23.     Mr. Johnson awoke in the medical unit on August 11, 2017. Defendant Ragan was running the medical unit that morning. He was transported to the court within Polk County Jail at approximately 9 AM for a preliminary hearing for his new felony charge for possession of contraband in a correctional institution.

24.     By approximately 9:45 AM, Mr. Johnson was back in his cell in the medical unit within the Polk County Jail. At approximately 10:15 AM, Mr. Johnson again left his cell, this time to speak to his attorney. He spoke to his attorney for about 10 minutes and was then escorted back to the medical unit.

25.     Upon information and belief, at some point during that morning, Defendant Ragan made the decision to transfer Mr. Johnson to the general population section of the jail from the medical unit of the jail.

26.     Mr. Johnson returned to the medical unit at approximately 10:28 AM. He was not escorted back to a cell within the medical unit, however, but was instead handed his belongings and escorted out of the medical unit by a correctional officer.

27.     At approximately 10:30 AM, Mr. Johnson was escorted into a general population section of the jail by a correctional officer and was placed into a cell.

28.     At approximately 2:28 PM that day, a correctional officer can be seen going from cell door to cell door checking on each inmate individually. At approximately 2:29 PM, the correctional officer can be seen checking in the area where Mr. Johnson's cell was located.

29.     After checking on the cell where Mr. Johnson was located, the correctional officer opened his cell and found Mr. Johnson hanging from a bed sheet that had been tied to the post of his bed. A few moments later, numerous correctional officers and medical personnel can be seen rushing into the area.

30.     At 2:44 PM, Mr. Johnson was wheeled out of his cell. He was taken to Mercy Medical Center where he was pronounced deceased four days later on August 15, 2017. The cause of death was pronounced suicide, hanging by ligature.

## CAUSES OF ACTION

### COUNT I
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 –
VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMENT TO
THE UNITED STATES CONSTITUTION**
***Denial of Medical Care – Risk of Suicide***
**(*Against Defendant Nicholas Brooks, Individually*)**

31.     Plaintiffs replead paragraphs one (1) through thirty (30) as if fully set forth herein.

32.     At all times material hereto, Defendant Brooks' actions and/or omissions were made under the color of authority and law as a correctional officer with the Polk

County Sheriff's Department.

33.     On August 11, 2017, Defendant Brooks violated Mr. Johnson's clearly established constitutional rights when they failed to provide adequate treatment for his serious medical need, specifically his risk of suicide.

34.     On August 11, 2017, Defendant Brooks was in the custody of the Polk County Jail.

35.     Defendant Brooks served as the intake officer when the Polk County Jail processed Mr. Johnson into the jail.

36.     On August 11, 2017, Mr. Johnson's was suffering from a serious medical need, specifically suicidal ideation/risk of suicide.

37.     Mr. Johnson being at a substantial risk of suicide was obvious in the days leading up to death on August 11, 2017.

38.     Based on his personal observations of Mr. Johnson, as well as information which had been communicated to him, Defendant Brooks had actual knowledge of Mr. Johnson's serious medical need.

39.     Defendants' actions and/or omissions in failing to provide adequate medical treatment shows a deliberate indifference to and/or reckless disregard for Mr. Johnson's civil and constitutional rights by failing to provide adequate medical treatment for his serious medical needs.

40.     Defendant Brooks did not take reasonable steps to address Mr. Johnson's known and obvious risk of suicide.

41.     Defendant Brooks' actions and/or omissions regarding Mr. Johnson's risk of

suicide on August 11, 2017 were unreasonable under the circumstances.

42.     Defendant Brooks' actions and/or omissions were willful, wanton, unlawful, and in gross disregard of Mr. Johnson's civil rights, justifying an award of punitive damages.

43.     Defendant Brooks was aware that his conduct, individually and collectively, put Mr. Johnson at risk of serious, immediate, and proximate harm, including death.

44.     As a direct and proximate result of the failure of Defendant Brooks to act to and provide adequate medical care, the Estate of Mr. Johnson has and will in the future suffer and incur the following damages:

    a.  Deprivation of constitutional rights;

    b.  Consequential damages;

    c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

    d.  All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

    e.  Loss of income and earning capacity; and,

    f.  All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest.

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Physical pain, mental and emotional distress and suffering including loss of mind and body;

d. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

e. Punitive damages; and,

f. Any other damages allowed by federal or state law or which the Court deems just and equitable.

<u>**COUNT II**</u>
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 – VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
<u>*Denial of Medical Care – Risk of Suicide*</u>
*(Against Defendant Kady Ragan, Individually)*

45.     Plaintiffs replead paragraphs one (1) through forty-four (44) as if fully set forth herein.

46.     At all times material hereto, Defendant Ragan's actions and/or omissions were made under the color of authority and law as a correctional officer or nurse with the Polk County Sheriff's Department.

47.     On August 11, 2017, Defendant Ragan violated Mr. Johnson's clearly established constitutional rights when they failed to provide adequate treatment for his serious medical need, specifically his risk of suicide.

48.     On August 11, 2017, Mr. Johnson was in the custody of the Polk County Jail.

49.     Upon reason and belief, Defendant Ragan made the decision to transfer Mr.

Johnson to the general population section of the jail from the medical unit of the jail.

50.     On August 11, 2017, Mr. Johnson's was suffering from a serious medical need, specifically suicidal ideation/risk of suicide.

51.     Mr. Johnson being at a substantial risk of suicide was obvious in the days leading up to death on August 11, 2017.

52.     Based on her personal observations of Mr. Johnson, as well as information which had been communicated to her, Defendant Ragan had actual knowledge of Mr. Johnson's serious medical need.

53.     Defendants' actions and/or omissions in failing to provide adequate medical treatment shows a deliberate indifference to and/or reckless disregard for Mr. Johnson's civil and constitutional rights by failing to provide adequate medical treatment for his serious medical needs.

54.     Defendant Ragan did not take reasonable steps to address Mr. Johnson's known and obvious risk of suicide.

55.     Defendant Ragan's actions and/or omissions regarding Mr. Johnson's risk of suicide on August 11, 2017 were unreasonable under the circumstances.

56.     Defendant Ragan's actions and/or omissions were willful, wanton, unlawful, and in gross disregard of Mr. Johnson's civil rights, justifying an award of punitive damages.

57.     Defendant Ragan was aware that her conduct, individually and collectively, put Mr. Johnson at risk of serious, immediate, and proximate harm, including death.

58.     As a direct and proximate result of the failure of Defendant Ragan's to act to

and provide adequate medical care, the Estate of Mr. Johnson has and will in the future

suffer and incur the following damages:

      a.  Deprivation of constitutional rights;

      b.  Consequential damages;

      c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

      d.  All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

      e.  Loss of income and earning capacity; and,

      f.  All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest.

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against

the aforementioned Defendant as follows:

      a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

      b.  Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

      c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

      d.  Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

      e.  Punitive damages; and,

      f.  Any other damages allowed by federal or state law or which the

Court deems just and equitable.

### COUNT III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 –
### VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMENT TO
### THE UNITED STATES CONSTITUTION
### *Monell Liability for Denial of Medical Care – Risk of Suicide*
### *(Against Defendant Polk County)*

59.     Plaintiff repleads paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60.     Defendant Polk County is a person for the purposes of Section 1983 action for damages.

61.     Prior to the events described *supra*, Defendant Polk County deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the department relating to the treatment of inmates who are mentally ill, possess suicidal ideation, or are withdrawing from effects of controlled substances.

62.     Defendant Polk County failed to train and/or inadequately trained its law enforcement officers and deputies in fundamental police procedures as they pertain to inmates who are mentally ill, possess suicidal ideation, or are withdrawing from effects of controlled substances.

63.     The acts and/or omissions of Defendant Polk County amount to deliberate indifference to the rights and safety of citizens, including Plaintiff.

64.     Defendant Polk County's actions and/or omissions intruded upon Plaintiff's right to medical care.

65.     Defendant Polk County's failure to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendants Brooks and Ragan to violate Plaintiff's constitutional rights.

66.     Defendant Polk County's actions and/or omissions constituted willful and wanton disregard for Plaintiff's rights and safety.

67.     As a proximate result of Defendant Polk County's acts and/or omissions, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

  a.  Deprivation of constitutional rights;

  b.  Consequential damages;

  c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

  d.  All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

  e.  Loss of income and earning capacity; and,

  f.  All expenses associated with the prosecution of the instant action including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and legally allowable judgment interest.

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

b.  Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

d.  Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

e.  Punitive damages; and,

f.  Any other damages allowed by federal or state law or which the Court deems just and equitable.

## COUNT IV
## WRONGFUL DEATH – NEGLIGENCE UNDER IOWA COMMON LAW
### (Defendant Brooks)

68.     Plaintiffs replead paragraphs one (1) through sixty-seven (67) as if fully set forth herein.

69.     Defendant Brooks owed Mr. Johnson a duty to care for his safety, security, custody, control, and well-being.

70.     Defendant breached said duty, constituting negligence, in one or more of the following particulars:

a.  Defendant failed to conduct an appropriate risk assessment on Mr. Johnson;

    b.   Defendant failed to assess that Mr. Johnson was addicted to drugs and that he would be going through drug withdrawals while at the Polk County Jail;

    c.   Defendant failed to take note of the fact that Mr. Johnson had a history of anxiety and depression, had been the Polk County Jail before, and had to be administratively segregated for prevention of self-harm.

    d.   Defendant failed to obtain additional information necessary to properly assess and supervise Mr. Johnson—information that clearly indicated Mr. Johnson's need for supervision and immediate suicide watch;

71.    Defendant's negligence was a proximate cause of Mr. Johnson's injuries.

72.    As a result of Defendant's negligence, Plaintiff sustained legally cognizable damages and injuries. The Estate of Alex Johnson has in the past and will in the future suffer and incur the following damages:

    a.   Consequential damages;

    b.   Physical pain, mental and emotional distress and suffering including loss of mind and body;

    c.   All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

    d.   Loss of income and earning capacity.

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

    a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

b. Compensation for loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Physical pain, mental and emotional distress and suffering including loss of mind and body;

e. Punitive damages; and,

f. Any other damages allowed by state law or which the Court deems just and equitable.

<u>**COUNT V**</u>
<u>**WRONGFUL DEATH – NEGLIGENCE UNDER IOWA COMMON LAW**</u>
**(Defendant Kady Ragan**

73.    Plaintiffs replead paragraphs one (1) through seventy-two (72) as if fully set forth herein.

74.    Defendant Ragan owed Mr. Johnson a duty to care for his safety, security, custody, control, and well-being.

75.    Defendant breached said duty, constituting negligence, in one or more of the following particulars:

a. Defendant failed to conduct an appropriate risk assessment on Mr. Johnson before releasing him from the medical unit back into general population;

b. Defendant failed to assess the fact that Mr. Johnson had a history of anxiety and depression and had to be administratively segregated for prevention of self-harm during his last sentence at the Polk County Jail.

    c.   Defendant failed to assess the fact that Mr. Johnson was in the midst of drug withdrawals, which would place him in increased risk of suicide;

    d.   Defendant failed to assess Mr. Johnson's state of mental health before placing him in general population. Mr. Johnson suffered from depression, anxiety, and was a habitual drug user;

    e.   Defendant failed to obtain additional information necessary to properly assess and supervise Mr. Johnson—information that clearly indicated Mr. Johnson's need for supervision and immediate suicide watch;

76.    Defendant's negligence was a proximate cause of Mr. Johnson's injuries.

77.    As a result of Defendant's negligence, Plaintiff sustained legally cognizable damages and injuries. The Estate of Alex Johnson has in the past and will in the future suffer and incur the following damages:

    a.   Consequential damages;

    b.   Physical pain, mental and emotional distress and suffering including loss of mind and body;

    c.   All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

    d.   Loss of income and earning capacity.

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

    a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.   Compensation for loss of income and earning capacity,

humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Physical pain, mental and emotional distress and suffering including loss of mind and body;

e. Punitive damages; and,

f. Any other damages allowed by state law or which the Court deems just and equitable.

## COUNT VI
## WRONGFUL DEATH – NEGLIGENCE UNDER IOWA COMMON LAW
### (Against Defendants McCarthy and Polk County, Iowa)

78.     Plaintiffs replead paragraphs one (1) through seventy-seven (77) as if fully set forth herein.

79.     Defendants Polk County, Iowa and McCarthy, as Sheriff of Polk County, Iowa, owed Mr. Johnson a duty to care for his safety, security, custody, control, and well-being.

80.     Defendants breached said duty, constituting negligence, in one or more of the following particulars:

a. failing to supervise jail staff;

b. failing to instruct and/or train properly jail staff, particularly on the needs of inmates who are mentally ill or possess suicidal ideation;

c. failing to implement policies which would protect the rights of Mr. Johnson given his then existing mental condition at all times complained of herein.

81.     Defendants' negligence was a proximate cause of Plaintiff's injuries.

82.     As a result of Defendants' negligence, Plaintiff sustained legally cognizable damages and injuries. The Estate of Alex Johnson has in the past and will in the future suffer and incur the following damages:

    a.  Consequential damages;

    b.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

    c.  All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

    d.  Loss of income and earning capacity; and,

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.  Compensation for loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

    e.  Punitive damages; and,

    f.  Any other damages allowed by state law or which the Court deems just and equitable.

## COUNT VII
## WRONGFUL DEATH –NEGLIGENCE PER SE UNDER IOWA COMMON LAW
### (Defendants Polk County and McCarthy)

83.     Plaintiffs replead paragraphs one (1) through eighty-two (82) as if set forth herein.

84.     Defendants were negligent per se for violations of the Iowa Administrative Code governing the supervision of inmates housed at county jail facilities including, but not limited to violations of 201 Iowa Admin. Code §§ 50.11, 50.13, and 50.25.

85.     As a result of Defendants' negligence, Plaintiff sustained legally cognizable damages and injuries. The Estate of Alex Johnson has in the past and will in the future suffer and incur the following damages:

    a.  Consequential damages;

    b.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

    c.  All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

    d.  Loss of income and earning capacity; and,

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

    b.  Compensation for loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Physical pain, mental and emotional distress and suffering including loss of mind and body;

    d.  Punitive damages; and,

e.   Any other damages allowed by state law or which the Court deems just and equitable.

## COUNT VIII
## RESPONDEAT SUPERIOR
### (Against Defendants McCarthy and Polk County, Iowa)

86.     Plaintiffs replead paragraphs one (1) through eighty-five (85) as if fully set forth herein.

87.     At all times material hereto, an employer-employee relationship existed between Defendants Polk County, Iowa and McCarthy, as the employers, and Defendants Ragan and Brooks as the employees.

88.     At all times material hereto, Defendants Ragan and Brooks were acting within the scope of their employment with Defendant Polk County, Iowa.

89.     Under the doctrine of respondeat superior, Defendant Polk County, Iowa is liable for the aforementioned negligence of Defendants Brooks and Ragan.

90.     As a result of the negligence of Defendants, Plaintiff sustained damages and injuries as previously set forth in this Petition.

a.   Consequential damages;

b.   Physical pain, mental and emotional distress and suffering including loss of mind and body;

c.   All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses;

d.   Loss of income and earning capacity; and,

**WHEREFORE,** the Plaintiff, Estate of Alex Johnson, prays for judgment against the aforementioned Defendant as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants, with interest, in an amount as yet to be determined;

b. Compensation for loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Physical pain, mental and emotional distress and suffering including loss of mind and body;

d. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

e. Punitive damages; and,

f. Any other damages allowed by state law or which the Court deems just and equitable.

### COUNT IX
### LOSS OF CONSORTIUM
**(Against All Defendants)**

91.     Plaintiffs replead paragraphs one (1) through ninety (90) as if fully set forth herein.

92.     Mr. Johnson was the son of Plaintiff Sheri Johnson.

93.     As a direct and proximate result of the injuries and damages that Defendants have caused to Mr. Johnson, Mr. Johnson's mother has incurred a loss of services, companionship, and society.

**WHEREFORE**, the Plaintiffs, respectfully requests judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury in this matter on all counts to which Plaintiffs are entitled to a jury.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY, BROWN & BERGMANN L.L.P.**

BY:   */s/ Brandon Brown*

Brandon Brown                    AT0001199
Julio C. Munoz                       AT0014005
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
E-Mail: bbrown@parrishlaw.com
**ATTORNEYS FOR PLAINTIFFS**